# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CAMARGO, | Case No. 1:25-cv-00723-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| JOHN DOE 1, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| Defendants. | |
| | (ECF No. 10) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.     Background

Plaintiff Jose Camargo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 4, 2026, the Court screened Plaintiff's complaint and found that it failed to comply with Federal Rules of Civil Procedure 8, 18, and 20 and failed to state a cognizable claim under 42 U.S.C. § 1983. (ECF No. 10.) The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (*Id.*) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order

and for failure to state a claim.  (*Id.*)  Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

## II.    Failure to State a Claim

### A.  Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.  Plaintiff's Allegations

Plaintiff is currently housed at the Otay Mesa Detention Center in San Diego, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison.  Plaintiff names the following defendants: (1) John Doe 1, Optometry Doctor, Wasco State Prison; (2) John Doe 2, Trust Accountant/Records, Wasco State Prison; and (3) John Doe 3, Health Care Coordinator, Wasco State Prison.

2

In Claim I, Plaintiff asserts violations of the Eighth and Fourth Amendments to the United States Constitution.  He alleges that he was examined and told that he needed urgent care due to obtaining a scar on his right eye since he was getting no treatment regarding his keratoconus.  (ECF No. 1.)  Plaintiff was ordered "square contact lens" so he may be able to see, have his eyes moisturized and lubricated, and save his eye cornea from breaking and going blind.  The doctor called him in a week later to state the order was canceled due to release date being 9-11-25 (too close to going home).  Plaintiff asserts he was left to suffer ongoing pain from eyes straining and being dry.  He "was given regular prescription glasses, knowing and having told me I need protection from light and treatment he went and canceled my treatment." (*Id.* at 3.)  Plaintiff wrote a medical grievance, 2 grievances and appeals seeking help, but still was responded to go through process of grievance.  Plaintiff claims deliberate indifference, negligence, improper and inadequate medical care, along with exposure to imminent immediate irreparable injury (blindness).  This occurred 4-02-25 to 5-28-25.  Plaintiff asserts that he was left to suffer ongoing pain in his eyes due to "no treatment" and was exposed to "self-inflicted injury that can lead to blindness. (*Id.*)

In Claim 2, Plaintiff asserts violations of the Eighth and Fourth Amendments.  Plaintiff alleges that he wrote a request to the trust office/records to sign documents for him to submit to the court for his lawsuit that he has in San Diego.  He was never responded to until after his deadline with only an account balance, but never got his 2 documents back to submit to the court.  Plaintiff was mailed a letter saying in order to proceed with in forma pauperis, he needed to submit the 2 documents and the 6-month certified statement.  Plaintiff asserts that when an action is the cause of delaying treatment that involves ongoing pain and imminent, immediate irreparable injury, such as in this case blindness, loss of eye cornea or cutting of eye due to no treatment, falls under deliberate indifference to negligence in meeting up to his court deadline.  Plaintiff claims he could have submitted his paperwork and obtained assistance with what he was going to file (a preliminary injunction and TRO) to obtain immediate medical care.  Plaintiff asserts the failure to provide him within reasonable matter interferes and deprives him of such rights.  This occurred around 4-22-25 to 5-28-25.  He alleges that he was left to suffer ongoing

pain in his eyes, he did not get to obtain the requirements to proceed with his case, he missed his deadline and was not able to obtain a court order to receive immediate medical care.

In Claim 3, Plaintiff asserts violations of the Eighth and Fourth Amendments.  He alleges he wrote a request as urgent along with a grievance and appeal to the Health Care Coordinator, who is having him go through the process of procedures of response knowing the severity of his diagnosis and risks he is exposed to.  Plaintiff contends he can go blind any day if his cornea breaks, or if his eye is too dry, it will cut his eye and cause blindness.  Plaintiff alleges that he is suffering ongoing pain.  Due to his eyes being dry, strained, and not capable of seeing his surroundings.  He also is at risk of irreparable harm, self-inflicted injury is happening due to no treatment/inadequate treatment and negligence through deliberate indifference and callous behavior. He contends that under the Eighth Amendment he has to be free and safe from self-inflicted injury, and the right to be safe in his own person under Fourth Amendment. Plaintiff also asserts that he has the right to adequate medical care.  This occurred around 5-01-25- 5/28/25.  He contends he is not safe by just being able to break his own cornea if he rubs his eye, given no treatment to prevent such risks from occurring.

As relief, Plaintiff seeks compensatory, nominal, and punitive damages, along with declaratory and injunctive relief.

### C.  Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, 18, and 20 and fails to state a cognizable claim for relief.

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

4

572 F.3d at 969.

Plaintiff's complaint is short, but it is not a plain statement of his claims. The complaint fails to include sufficient allegations describing what happened, when it happened, and who was involved. It also fails to clearly state which claims are asserted against which defendant and the nature of those claims.

**Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link any defendant to the factual allegations in his complaint. Indeed, Plaintiff does not identify or specifically name any defendant in his claims. A vague reference to a doctor or a health care coordinator is not sufficient.

**Federal Rules of Civil Procedure 18 and 20 – Joinder of Claims**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement

refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim related to the denial of medical care against one defendant and assert claims regarding the grievance procedure or access to the courts against other defendants. Unrelated claims involving multiple defendants belong in different suits.

**Eighth Amendment – Medical Care**

The "treatment a prisoner receives in prison and the conditions under which he [or she] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Thus, the Eighth Amendment, not the Fourth Amendment, governs Plaintiff's claims regarding his medical care. A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or

6

'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to allege a cognizable claim against any named defendant for deliberate indifference to a serious medical need.  Plaintiff fails to allege what each defendant did or did not do which violated his rights regarding medical care.  To the extent Plaintiff claims that any defendant was merely negligent, this is insufficient to state a cognizable claim for violation of the Eighth Amendment.  *Broughton*, 622 F.2d at 460; *Wood*, 900 F.2d at 1334.  Further, to the extent Plaintiff disagrees with the treatment provided, i.e., prescription glasses, this is also insufficient to state a claim for violation of the Eighth Amendment.  *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d 1122-23.

**Access to Courts**

In his second claim for relief, Plaintiff appears to claim that the failure to obtain documents from the trust office to proceed *in forma pauperis* in connection with a lawsuit in San Diego prevented him from obtaining a court order for immediate medical care.  The Court construes these allegations as an access to court claim.  However, as currently pled, Plaintiff's allegations fail to state a cognizable claim.

7

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. In order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. *Id.* at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." *Id.* at 348; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).

Here, Plaintiff has not identified a specific criminal appeal, habeas petition or civil rights action connected to this claim. He references a lawsuit in San Diego, but he fails to provide any allegations regarding the nature of that suit. He also has not alleged any actual injury from his missed deadline, as it is not clear that Plaintiff was wholly prevented from proceeding with that suit. He alleges a missed deadline, but it is not clear that his action was dismissed. Plaintiff alleges that he was not able to obtain a court order to receive immediate medical care, but the circumstance of his inability to do so is not clear.

**Grievance Procedure**

In his third claim, Plaintiff appears to allege a violation of his rights by requiring him to utilize the prison grievance procedures. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993). Accordingly, Plaintiff fails to state a cognizable claim arising out of the processing of his grievances or complaints.

**Injunctive Relief**

Insofar as Plaintiff seeks injunctive relief, any such request is now moot. Plaintiff is no longer housed at Wasco State Prison, where he alleges the incidents at issue occurred. Therefore,

8

any injunctive relief he seeks against the officials at Wasco State Prison is moot. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

**Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

**Doe Defendants**

Plaintiff names multiple doe defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

### III.   Failure to Prosecute and Failure to Obey a Court Order

#### A.  Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

9

failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's February 4, 2026 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 10.) Thus, Plaintiff had adequate warning that dismissal

could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 16, 2026**               /s/ *Barbara A. McAuliffe*

                                                 UNITED STATES MAGISTRATE JUDGE